**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO.:

MELISSA WHITE-BLANER,

      Plaintiff,

v.

SUN STATE LANDSCAPE
MANAGEMENT, INC.,
a Florida Profit Corporation,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF REQUESTED
DECLARATORY RELIEF REQUESTED**

Plaintiff, MELISSA WHITE-BLANER ("Ms. White-Blaner" or "Plaintiff"),

by and through her undersigned counsel, files this Complaint against Defendant,

SUN STATE LANDSCAPE MANAGEMENT, INC. ("SSLM" or "Defendant"), a

Florida profit corporation, and in support thereof alleges as follows:

1.     Plaintiff brings this action for interference and retaliation in violation

of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the

FMLA"), for discrimination and retaliation under the Americans with Disabilities

Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil

Rights Act ("FCRA"), and for religious discrimination and retaliation based on religion in violation of Title VII and the FCRA, to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3.      This Court has jurisdiction over Plaintiff's ADA and Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*., and Title VII.

4.      This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA and Title VII claims.

5.      At all times relevant hereto, Plaintiff was an employee of Defendant.

6.      Defendant is a Florida profit corporation that is located and does business in Parrish, Manatee County, Florida, and is therefore within the jurisdiction of this Court.

2

7.    Plaintiff worked for Defendant in Manatee County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

8.    At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9.    At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a chronic serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10.    Plaintiff is a disabled female.  At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA and Title VII because:

    a.    Plaintiff was a disabled employee who suffered discrimination and harassment because of her disability and based on religion by Defendant; and

3

b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability and based on religion.

11. Defendant was at all times relevant an "employer" as envisioned by the ADA and Title VII as well as § 760.02(7), Fla. Stat.

**CONDITIONS PRECEDENT**

12. On or around December 18, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation and religious discrimination and retaliation against SSLM.

13. On April 13, 2026, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.    Plaintiff worked for SSLM in Human Resources, Payroll, and Accounts Receivable from October 7, 2024, until her termination on December 1, 2025.

17.    Throughout Ms. White-Blaner's time with SSLM, SSLM Managers and Supervisors including Cindy Hand improperly injected religious doctrines and deliberations into business decisions and processes.

18.    Ms. Hand on numerous occasions spoke about how she had prayed, and had sought the guidance of Jesus Christ, with respect to purely business decisions.

19.    This made Ms. White-Blaner, and others, distinctly uncomfortable, and of course made business decisions impossible to question or even discuss.

20.    This sort of unvarnished religious talk and pressure from SSLM Managers and Supervisors also had a chilling effect in the workplace, making non-Christians, the less devout, and even many of the ardent believing Christians uncomfortable and uncertain as to where they stood.

21.    The fact that the Hand family, and specifically Ms. Hand's husband and son, had founded, owned, and operated SSLM amplified the significance of these realities and concerns.

22.    In the last few months of Ms. White-Blaner's employment, Ms. White-Blaner suffered flareups and episodes of a disability and chronic serious health condition, specifically rheumatoid arthritis.

23.    Ms. White-Blaner would therefore avail herself of two (2) to three (3) days of leave in the latter months of her employment, in order to attend medical appointments and otherwise treat and address flareups of her disability and chronic serious health condition.

24.    Ms. White-Blaner consistently advised SSLM in advance of these occasions, and was not unique in occasionally requiring a small amount of time off to address health issues:  other SSLM employees did so, too.

25.    In the Summer of 2025, Ms. White-Blaner disclosed to SSLM that she was suffering pain, stiffness, and immobility in her hands, her hips, and elsewhere.

26.    In September of 2025, Ms. White-Blaner's disability and chronic serious health condition was actually diagnosed as rheumatoid arthritis, and Ms. White-Blaner disclosed this fact to Ms. Hand, and requested the reasonable, non-burdensome accommodation of occasional absences, late arrivals, and/or early departures, in order to attend medical appointments and treat and address her rheumatoid arthritis.

27.    Nevertheless, even after Ms. White-Blaner disclosed her diagnosis and need for the reasonable, non-burdensome accommodation of occasional

6

absences to treat and address flareups of her disability and chronic serious health condition to SSLM, Ms. Hand would inappropriately and officiously demand to know specific and minute details of Ms. White-Blaner's medical appointments.

28. In October and November of 2025, by which point Ms. White-Blaner was eligible for FMLA leave in order to treat and address her disability and chronic serious health condition, Ms. White-Blaner objected to SSLM that its actions and inquiries violated, *inter alia*, the FMLA, the ADA, and the FCRA, and constituted actionable FMLA interference as Ms. Hand and SSLM were unambiguously attempting to assert a chilling effect on Ms. White-Blaner's ability to treat and address flareups of her arthritis.

29. Ms. Hand attempted to explain away her inappropriate demands and overly-intrusive inquiries by assuring Ms. White-Blaner that she merely wished to "pray more effectively" for Ms. White-Blaner.

30. Ms. White-Blaner objected to Ms. Hand that the religious overtones that Ms. Hand and SSLM placed upon and interjected into what should be neutral workplace discussions and deliberations made her distinctly uncomfortable and violated Title VII and the FCRA.

31. Significantly, in response to Ms. White-Blaner's disclosures and requests for accommodation for her disability and chronic serious health condition,

SSLM never actually provided Ms. White-Blaner FMLA paperwork, or informed Ms. White-Blaner of her rights and obligations under the FMLA.

32. This constituted FMLA interference.

33. Then, the week of November 24, 2025, Ms. White-Blaner saw to her alarm that SSLM had posted her job as an open position on Craigslist.com.

34. Shortly thereafter, on December 1, 2025, SSLM informed Ms. White-Blaner that it had decided to terminate her employment, effective immediately.

35. SSLM subsequently circulated an email internally stating that Ms. Hand had made this extreme adverse employment decision against Ms. White-Blaner after "praying about it."

36. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. White-Blaner notifying SSLM of her chronic serious health condition, and in retaliation for Ms. White-Blaner's utilization or attempted utilization of unpaid leave pursuant to the FMLA in order to address same, and in retaliation for her objections to Defendant's discrimination.

37. Defendant did not have a legitimate, non-discriminatory and non-retaliatory reason for its actions.

38. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation, and retaliation for Plaintiff's objections to Defendant's discrimination.

8

39.    Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

40.    The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by SSLM.

41.    Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

42.    Plaintiff's discharge was for pretextual, retaliatory, and discriminatory reasons, including, but not limited to, her objections to Defendant's conduct in not taking prompt remedial measures to alleviate disability and religious discrimination and retaliation and FMLA interference and retaliation as the law requires.

43.    Plaintiff's objections to Defendant's discrimination, interference, and retaliation were the cause of Defendant's termination of Plaintiff's employment.

44.    Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that Title VII, the ADA, the FCRA, and the FMLA were intended to prevent.

9

45. The timing of Plaintiff's termination makes the causal connection between her use or attempted use of FMLA leave and her termination sufficiently clear.

46. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

47. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

48. SSLM was aware of Plaintiff's ADA/FCRA-protected disability.

49. Ms. White-Blaner is an individual with a disability who was nevertheless fully capable of performing the essential functions of her job.

50. SSLM, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for objecting to the disability discrimination to which SSLM subjected her.

51. In reality, Defendant's discharge of Ms. White-Blaner stemmed from its discriminatory animus toward her disclosure of her disability and chronic serious health condition.

52. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII, the ADA, and the FCRA.

10

53.    In short, Defendant discriminated against Ms. White-Blaner based solely upon her disabilities, and retaliated against her for her objections to the discrimination.

54.    At all times material hereto, Plaintiff was ready, willing, and able to perform her job duties, and otherwise qualified for her position.

55.    Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with or without reasonable accommodation.

56.    Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

57.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

58.    Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

59.    Ms. White-Blaner was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.  Therefore, she is a protected class member as envisioned by the ADA and the FCRA.

60. Ms. White-Blaner suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability," and because of her objections to the discrimination to which SSLM subjected her.

61. Title VII and the FCRA prohibit religious discrimination in the workplace.

62. Plaintiff's termination constitutes an adverse action as defined by Title VII and the FCRA.

63. Plaintiff suffered an adverse action as a result of religion and in retaliation for her objections to Defendant's religious discrimination.

64. Plaintiff's objections to Defendant's religious discrimination were causally connected to her termination, and the temporal proximity between the two events is very close.

65. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the religious discrimination, retaliation, and termination suffered by Plaintiff.

66. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

12

67.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

68.    SSLM lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

69.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

70.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 14 through 16, 22 through 46, 51, and 67 through 69 of the Complaint, above, as though fully set forth in this Count.

71.    At all times relevant hereto, Plaintiff was protected by the FMLA.

72.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

73.    At all times relevant hereto, Defendant interfered with Plaintiff by inappropriately and officiously demanding minute medical details regarding Plaintiff's use or attempted use of what should have been protected FMLA leave, by failing to provide Plaintiff FMLA paperwork or advise Plaintiff of her rights and responsibilities under the FMLA promptly once Plaintiff disclosed her chronic

13

serious health condition to Defendant, by injecting its religious whims and biases and beliefs into what should have been Plaintiff's free exercise of her FMLA rights, and by otherwise refusing to allow Plaintiff to exercise her FMLA rights freely.

74. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

75. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

76. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 14 through 16, 22 through 46, 51, and 67 through 69 of the Complaint, above, as though fully set forth in this Count.

77. At all times relevant hereto, Plaintiff was protected by the FMLA.

14

78.    At all times relevant thereto, Plaintiff was protected from retaliation under the FMLA.

79.    At all times relevant thereto, Defendant retaliated against Plaintiff by terminating her employment for disclosing her chronic serious health condition, and for utilizing or attempting to utilize what should have been job-protected FMLA leave.

80.    Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

81.    As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

82.    As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

15

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

83.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 16, 22 through 31, 33 through 38, 42 through 44, 47 through 60, 66 through 67, and 69 of the Complaint, above, as though fully set forth in this Count.

84.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

85.     The discrimination to which Plaintiff was subjected was based on her disability.

86.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

88.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

16

89.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

90.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

91.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 16, 22 through 31, 33 through 38, 42 through 44, 47 through 60, 66 through 67, and 69 of the Complaint, above, as though fully set forth in this Count.

92.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

93.     The discrimination to which Plaintiff was subjected was based on her disability.

17

94. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

96. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

97. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

18

## COUNT V
## RETALIATION UNDER THE ADA
## BASED ON DISABILITY

98.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 16, 22 through 31, 33 through 38, 42 through 44, 47 through 60, 66 through 67, and 69 of the Complaint, above, as though fully set forth in this Count.

99.    Plaintiff was terminated within close temporal proximity of her requests for reasonable accommodation and her objections to Defendant that she felt she was being discriminated against based on her disability.

100.    Plaintiff's objections and requests for reasonable accommodation constituted protected activity under the ADA.

101.    Plaintiff was terminated as a direct result of her requests for reasonable accommodation and her objections to what she reasonably believed to be disability discrimination.

102.    Plaintiff's requests for reasonable accommodation, her objections to Defendant's illegal conduct, and her termination are causally related.

103.    Defendant's stated reasons for Plaintiff's termination are a pretext.

104.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

19

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

106. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

107. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

108. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 16, 22 through 31, 33 through 38, 42 through 44, 47 through 60, 66 through 67, and 69 of the Complaint, above, as though fully set forth in this Count.

109. Plaintiff was terminated within close temporal proximity of her requests for reasonable accommodation and her objections to Defendant that she felt she was being discriminated against based on her disabilities.

110. Plaintiff's objections and requests for reasonable accommodation constituted protected activity under the FCRA.

111. Plaintiff was terminated as a direct result of her requests for reasonable accommodation and her objections to what she reasonably believed to be disability discrimination.

112. Plaintiff's requests for reasonable accommodation, her objections to Defendant's illegal conduct, and her termination are causally related.

113. Defendant's stated reasons for Plaintiff's termination are a pretext.

114. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

115. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

21

116.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

117.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VII:  RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

118.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 21, 27 through 30, 32 through 38, 42 through 44, 52, 61 through 67, and 69 of the Complaint, above, as though fully set forth in this Count.

119.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under Title VII.

120.    The discrimination to which Plaintiff was subjected was based on religion.

121.    Defendant unlawfully subjected Plaintiff to its preferred religious beliefs or practices in the workplace, in violation of Title VII.

22

122. Defendant unlawfully based its decision to terminate Plaintiff's employment on Defendant's religious beliefs, scriptural interpretations, and/or religious idiosyncracies, biases, or divinations.

123. Defendant imposed its religious beliefs on Plaintiff in connection with what should have been an ADA-compliant interactive dialogue regarding reasonable accommodation for Plaintiff's disability, and in connection with what should have been Plaintiff's free exercise of her FMLA rights.

124. Title VII prohibits religious discrimination/retaliation in the workplace. *See, e.g., Telfair v. Federal Express Corp.*, 934 F. Supp. 2d 1368, 1386 n.1 (S.D. Fla. 2013).

125. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

126. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

127. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

128. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury,

reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT VIII: RELIGIOUS DISCRIMINATION IN VIOLATION OF THE FCRA

129. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 21, 27 through 30, 32 through 38, 42 through 44, 52, 61 through 67, and 69 of the Complaint, above, as though fully set forth in this Count.

130. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under the FCRA, Chapter 760, Florida Statutes.

131. The discrimination to which Plaintiff was subjected was based on religion.

132. Defendant unlawfully subjected Plaintiff to its preferred religious beliefs or practices in the workplace, in violation of the FCRA.

133. Defendant unlawfully based its decision to terminate Plaintiff's employment on Defendant's religious beliefs, scriptural interpretations, and/or religious idiosyncracies, biases, or divinations.

134. Defendant imposed its religious beliefs on Plaintiff in connection with what should have been an FCRA-compliant interactive dialogue regarding

24

reasonable accommodation for Plaintiff's disability, and in connection with what should have been Plaintiff's free exercise of her FMLA rights

135. The FCRA prohibits religious discrimination/retaliation in the workplace. *See, e.g., Telfair v. Federal Express Corp.*, 934 F. Supp. 2d 1368, 1386 n.1 (S.D. Fla. 2013).

136. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

137. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

138. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

139. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT IX: RETALIATION IN VIOLATION OF TITLE VII BASED ON RELIGION

140. Plaintiff reincorporates and readopts all allegations contained within

25

Paragraphs 1, 3 through 7, 10 through 21, 27 through 30, 32 through 38, 42 through 44, 52, 61 through 67, and 69 of the Complaint, above, as though fully set forth in this Count.

141. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII.

142. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on religion.

143. Plaintiff's termination was in close temporal proximity to her objections to Defendant that she felt she was being discriminated against based on religion.

144. Plaintiff's objections constituted protected activity under Title VII.

145. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be religious discrimination.

146. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

147. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

148. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

26

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

149.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

150.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

151.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**,       Plaintiff       demands       trial       by       jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT X:  RETALIATION IN VIOLATION OF THE FCRA BASED ON RELIGION

152.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 21, 27 through 30, 32 through 38, 42 through 44, 52, 61 through 67, and 69 of the Complaint, above, as though fully set forth in this Count.

153.   The acts of Defendant, by and through its agents and employees,

27

violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

154. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on religion.

155. Plaintiff's termination was in close temporal proximity to her objections to Defendant that she felt she was being discriminated against based on religion.

156. Plaintiff's objections constituted protected activity under the FCRA.

157. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be religious discrimination.

158. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

159. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

160. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

161. The conduct of Defendant was so willful, wanton, and in reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

162. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

163. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 12th day of May, 2026.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorneys for Plaintiff*

29